# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-00-00443-CR

**Charles Edward More, AKA Charles Edward Moore, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF BELL COUNTY, 27TH JUDICIAL DISTRICT
### NO. 50,703, HONORABLE MARTHA J. TRUDO, JUDGE PRESIDING

Appellant Charles Edward More was convicted by a jury of the felony offense of debit card abuse, which was enhanced to a second degree felony. The jury assessed punishment at twenty years in the Texas Department of Criminal Justice. *See* Tex. Penal Code Ann. §§ 32.31 (West 1994) & 12.42(a)(1) (West Supp. 2001). By a single point of error, More complains that two items of evidence were erroneously admitted because the State failed to properly authenticate the evidence pursuant to Texas Rule of Evidence 901. We affirm the conviction.

## DISCUSSION

On September 20, 1999, Beverly Patterson was at a grocery store in Killeen when she noticed her wallet was missing. She reported the theft to the police and provided a description of the person she suspected had taken her wallet. One of the items in the wallet was Patterson's debit card. According to Patterson, the loss of the debit card cost her $21.00.

That same night, Officers John Grider and Mike Aycock were on duty when they noticed a man who fit the description provided by Patterson headed towards a 7-Eleven convenience store. Officer Grider stopped the man, who was later identified as More, and asked for identification. More said his name was Clarence Miller, his date of birth was October 11, 1956, and that he intended to purchase aspirin for his headache at the 7-Eleven. According to Officer Grider's testimony at trial, he observed More head towards the ATM machine as he entered the store and punch "numbers on the face of the machine" but did not witness More obtaining any cash. As More exited the store without any purchases, he was again questioned by Officer Grider, but this time he provided the name of Charles Miller and a date of birth of October 30, 1957. More was then arrested for failure to identify himself, and Officer Aycock searched the appellant. Aycock recovered from More a debit card with the name Beverly Patterson, an ATM receipt, and two ten-dollar bills. Appellant was later indicted for debit card abuse.

At trial, the State offered the debit card and the two ten-dollar bills into evidence.[1] Over More's objection, the trial court admitted the evidence, and More appeals the trial court's ruling, claiming the State failed to establish an affirmative link between the evidence and More. He argues that without the erroneously admitted evidence, there is no evidence to support the conviction.

---

[1] The trial court also admitted the ATM receipt into evidence, but More appeals the admission of only the debit card and the two ten-dollar bills.

A trial court has the discretion to determine the sufficiency of the predicate to admit evidence, and we will not disturb the trial court's decision absent an abuse of that discretion. *Smith v. State*, 683 S.W.2d 393, 404 (Tex. Crim. App. 1984). When the State establishes the beginning and the end of a chain of custody, and there is no evidence of tampering, any gaps in the chain usually go to the weight rather than the admissibility of the evidence. *Lagrone v. State*, 942 S.W.2d 602, 617 (Tex. Crim. App. 1997); *Porter v. State*, 969 S.W.2d 60, 66 (Tex. App.—Austin 1998, pet. ref'd).

Here, the State offered exhibits 1 and 3 through the testimony of Officer Grider. Appellant argues that Officer Aycock is the witness who should have authenticated the exhibits since he is the one who recovered them during his search of the appellant. When questioned by defense counsel, Officer Grider testified that he picked up the State's exhibits from the jail prior to attending the trial; however, he did not remove the items from the appellant and examine them at the time of the arrest. Later, Officer Aycock testified and identified exhibits 1 and 3 as the items he recovered from More after searching him. The trial court did not admit exhibits 1 and 3 into evidence until after both Officer Grider and Officer Aycock testified. Thus, the State established the beginning and the end of the chain of custody through the testimony of these two witnesses, and because there was no evidence of tampering, any questions regarding gaps in the chain of custody did not affect the admissibility of the evidence. We hold the trial court did not abuse its discretion in admitting these items into evidence.

## CONCLUSION

Having overruled More's single point of error, we affirm his conviction.

_____

Jan P. Patterson, Justice

Before Chief Justice Aboussie, Justices Yeakel and Patterson

Affirmed

Filed:   March 29, 2001

Do Not Publish

4